UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-145 |
| | ) | *Edgar* |
| CECIL HARTMAN | ) | |

**MEMORANDUM**

The jury at trial found defendant Cecil Hartman not guilty on Count One of the indictment. The jury did find him guilty on Counts Two, Three, and Four. Defendant filed a post-trial motion for judgment of acquittal on Counts Two, Three, and Four pursuant to Fed. R. Crim. P. 29. In the alternative, defendant moves for a new trial pursuant to Fed. R. Crim. P. 33. [Court Doc. No. 208].

**I.  Standard of Review**

With regard to the motion for judgment of acquittal under Rule 29, the Court reviews the evidence in the light most favorable to the government. The Court must determine whether a rational trier of fact could have found that the elements of the crimes charged were proved beyond a reasonable doubt. Under Rule 29, the Court does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 2004); *United States v. Frost*, 125 F.3d 346, 354 (6th Cir. 1997);*United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993);*United States v. Beddow*, 957 F.2d 1330, 1334 (6th Cir. 1992); *cf. Jackson v. Virginia*, 443 U.S. 307, 319 (1979);*United States v. Evans*, 883 F.2d 496, 501 (6th Cir. 1989).

In deciding the motion for new trial under Rule 33, the Court must determine whether the jury's verdict is against the manifest weight of the evidence. The Court under Rule 33 considers the credibility of the witnesses and the weight of the evidence to ensure that there is not a miscarriage of justice. *United States v. Solorio*, 337 F.3d 580, 589 n. 6 (6th Cir. 2003); *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998); *United States v. Pierce*, 62 F.3d 818, 825 (6th Cir. 1995); *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988).

## II. Analysis

The motion under Rule 29 for a judgment of acquittal will be **DENIED**. After reviewing all of the evidence presented at trial in the light most favorable to the government, the Court concludes that a rational trier of fact could have reasonably found that the elements of the criminal offenses charged in Counts Two, Three, and Four of the indictment were proved beyond a reasonable doubt.

The defendant's motion for a new trial under Rule 33 will be **DENIED**. The jury's verdict finding the defendant guilty as charged on Counts Two, Three, and Four of the indictment is not against the manifest weight of the evidence.

Defendant raises three arguments which are without merit.

### A. Search of Defendant's Premises

Prior to trial, the Court conducted a hearing on the defendant's motion to suppress evidence seized from his residence at 5205 McDonald Road. The Court rendered a memorandum opinion and order on February 14, 2005, denying the motion to suppress. [Court Doc. No. 21].

Defendant now argues that during the trial, police officer Monte Manka ("Manka") gave some testimony that was different from and at variance with previous testimony at the

suppression hearing. Defendant contends that prior to the issuance of the search warrant, Manka went onto the defendant's premises, Manka walked around the outside of the defendant's house, and he took several photographs from places that could not be seen from a public point of view. Defendant also asserts that before the search warrant was issued, Manka searched the outbuilding (chicken coop), and seized some items that were introduced into evidence at trial.

Based on Manka's trial testimony, the defendant's counsel orally renewed the motion to suppress evidence at trial which the Court denied. In his instant post-trial motion, the defendant argues that the Court erred in denying his motion to suppress evidence at the trial after Manka testified. Defendant argues that he is entitled to acquittal or at least a new trial because a few items of evidence that should have been excluded were introduced into evidence at trial. Defendant does not specify precisely which items of evidence he is referring to but the Court infers that he means items seized by the police from the chicken coop and photographs taken by the police prior to issuance of the search warrant from a vantage point that was not open to the general public.

This argument fails for the following reasons. Officer Manka testified at trial that he saw marijuana plants growing outside on the defendant's premises and he took some photographs of the plants before the search warrant was issued. Based on the facts and circumstance in this case, the taking of the photographs did not violate the defendant's right against unreasonable search protected under the Fourth Amendment to the United States Constitution. This is fully explained by the Court in its memorandum opinion and order on February 14, 2005, deciding the defendant's pretrial suppression motion. [Court Doc. No. 21].

When the police initially arrived at the defendant's premises to investigate, the police were standing on a public road and observed a large marijuana plant growing outside in plain view.

After seeing the marijuana plant, the police had probable cause to believe that criminal activity was afoot. The police had a right to conduct a further investigation and go onto the premises to question any persons who might be there. The police officers lawfully entered the defendant's driveway and went up to the front porch of his house to investigate. *United States v. Hopper*, 2003 WL 152316, * 3 (6th Cir. Jan. 21, 2003) (Where there is probable cause to investigate, law enforcement officers may encroach upon the curtilage of a home for the purpose of asking questions of the occupants without violating the Fourth Amendment); *United States v. Hammett*, 236 F.3d 1054, 1059-60 (9th Cir. 2001). While the police were lawfully on the defendant's premises conducting the investigation, the police had a right to take photographs from this vantage point of any marijuana plants or other evidence of possible criminal activity in plain, open view outside the defendant's house.

It appears from Manka's trial testimony that he searched inside the chicken coop and seized a few inconsequential items before the search warrant was issued. As a practical matter, the evidence seized from the chicken coop by the police was insignificant in this case. Even if all of the evidence seized by Manka and the police from the chicken coop had been excluded from the trial, it would not have made any difference whatsoever in the outcome of the trial. Virtually all of the material, incriminating evidence against the defendant was seized by the police from inside and outside his house after the search warrant was issued. If there was any error in allowing the few insignificant items seized from the chicken coop to be introduced at trial, it was at most a harmless error that did not affect the defendant's substantial rights and must be disregarded under Fed. R. Crim. P. 52(a).

    **B.**    **Possession of Items Found on Premises**

-4-

The defendant's second argument is that there was insufficient evidence at trial to prove he possessed the marijuana, cocaine, and various other items of evidence found by the police on the premises searched at 5205 McDonald Road. Defendant contends the police never actually saw him on the premises. The government did not present any witnesses who ever saw the defendant on the premises with the marijuana and cocaine. Defendant also asserts there is no proof to place him at the premises recently such as utility or telephone bills.

This argument fails. The Court finds there was more than sufficient proof at trial from which a rational jury could reasonably infer that defendant Hartman resided at the premises, and that he possessed the marijuana, cocaine, and various other items of evidence found by the police. When the defendant was arrested, he told the police that he resided at 5205 McDonald Road. When the police executed the search warrant, they found inside the house the following items with the defendant's name on them: (1) an identification card from the Tennessee Department of Corrections; (2) a prescription medicine bottle; (3) mail; (4) bank checks and deposit slips; and (5) miscellaneous receipts, some as recent as the previous month. With all of this evidence, it was not necessary for the government to present testimony from any witnesses who actually saw the defendant on the premises.

### C. **Possession of Controlled Substances With Intent to Distribute**

The defendant's final argument is that there was no evidence at trial that he possessed controlled substances with the intent to distribute. This argument fails.

Count Three of the indictment charged that the defendant possessed marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Count Four charged that the defendant possessed cocaine hydrochloride with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).

The evidence at trial proved that when the police searched the defendant's residence pursuant to the valid search warrant, the police found that the defendant possessed the following: (1) substantial quantities of marijuana and cocaine hydrochloride; (2) numerous plastic sandwich bags commonly used by drug traffickers for packaging and distributing marijuana and cocaine; (3) digital triple beam scales commonly used by drug traffickers to weigh and package drugs for distribution; and (4) mortar and pestles. Based on his law enforcement experience, police officer Tommy Farmer testified at trial that the large quantities of marijuana and cocaine hydrochloride seized by the police from the defendant's residence were for distribution or resale and not merely for personal use.

For the defendant to be convicted under 21 U.S.C. § 841(a)(1), the government is not required to introduce direct evidence that he actually distributed marijuana and cocaine to another person. A jury may infer the intent to distribute a controlled substance from quantity alone. Intent to distribute may also be inferred from the defendant's possession of packaging materials (plastic sandwich bags) and digital triple beam scales in close proximity to the marijuana and cocaine. *United States v. Denmark*, 124 F.3d 200 (Table, text in 1997 WL 468302, * 1 (6th Cir. Aug. 13, 1997)); *United States v. Innie,* 7 F.3d 840, 844-45 (9th Cir. 1993); *United States v. August,* 984 F.2d 705, 712-13 (6th Cir. 1992); *United States v. Bell,* 954 F.2d 232, 235 (4th Cir. 1992); *United States v. Makinde,* 940 F.2d 663 (Table, text in 1991 WL 147468 (6th Cir. Aug. 2, 1991)); *United States v. Beck,* 765 F.2d 146 (Table, text in 1985 WL 13341, * 6 (6th Cir. May 23, 1985)); *United States v. Faymore*, 736 F.2d 328, 333 (6th Cir. 1984); *United States v. Giles*, 536 F.2d 136, 141 (6th Cir. 1976).

In the instant case, a rational jury could reasonably infer from all of the circumstantial evidence and the testimony of police officer Tommy Farmer that defendant Hartman possessed the

marijuana and cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The jury could reasonably infer that the marijuana and cocaine possessed by the defendant was not merely for his personal consumption.

## III. Conclusion

The defendant's post-trial motion for judgment of acquittal on Counts Two, Three, and Four pursuant to Fed. R. Crim. P. 29, and his alternative motion for a new trial pursuant to Fed. R. Crim. P. 33. [Court Doc. No. 208], will be **DENIED.** A separate order will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE